478 So.2d 911 (1985)
Warren Keith JACKSON Individually and as Tutor of His Minor Daughter, Nyeesha Victor
v.
The HOUSING AUTHORITY OF NEW ORLEANS, et al.
No. CA 1859.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1985.
Rehearing Denied December 20, 1985.
Stephen P. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellant.
*912 Raymond G. Jones, Deutsch, Kerrigan & Stiles, J. Walter Ward, New Orleans, for defendant-appellee.
Before BYRNES and WILLIAMS, JJ., and L. JULIAN SAMUEL, J. Pro Tempore.
WILLIAMS, Judge.
This is an appeal from a decision of the trial court sustaining defendants' exceptions of res judicata and prescription.
On November 4, 1978, Nyeesha Victor, a young girl almost two years old, was injured when she fell from a second story window of a Housing Authority of New Orleans [HANO] apartment complex. Warren Keith Jackson, individually and on behalf of his minor daughter, Nyeesha Victor, filed suit against HANO, U.S. Fire Insurance Co. [USFIC] (HANO's insurer), Huddleston-Emerson-Steller [HES] (architects of the complex), and Krestmark Industries [Krestmark] (manufacturers of the window). Krestmark and HES filed answers. HANO and its insurer filed a dilatory exception of lack of procedural capacity on the part of Jackson, because he did not allege in his petition that he was the tutor of his illegitimate daughter. La.C. Civ.Pr. art. 683. The trial court sustained the exception on November 20, 1979, and gave plaintiff fifteen days to amend the petition. Three months later, a judgment of dismissal with prejudice was signed because the plaintiff had failed to amend the petition. Four days later, on March 4, 1980, Deloris Alexander, Nyeesha Victor's grandmother and court-appointed tutrix, and Jackson filed a Joint Motion to Intervene and of Joinder. On June 30, 1980, HANO and USFIC filed exceptions of res judicata and prescription. A few months later HES also filed these exceptions. The trial court denied the exceptions. Over three years later, Krestmark filed the same exceptions, which were then sustained by the trial court.
Plaintiff argues that defendants Krestmark and HES waived their rights to bring any exceptions because they answered the suit. La.C.Civ.Pr. art. 928. We need not address these issues because we find that the exceptions should not have been granted.
When a suit has been dismissed for failure of a party to comply with an order of the trial court to remove a defect raised by a dilatory exception that was sustained, the dismissal should be without prejudice. Lemoine v. Roberson, 366 So.2d 1009 (La.App. 1st Cir.1978). See also La.C.Civ.Pr. arts. 926 and 933. The trial court, therefore, should have dismissed the action without prejudice.
Furthermore, the peremptory exception of prescription should not have been granted. Jackson's original suit on behalf of his natural child, interrupted prescription so that the later action by the child's court-appointed tutrix and grandmother was timely.
In Davis v. Royal-Globe Insurance Co., 223 So.2d 912 (La.App. 4th Cir.1969) rev'd on other grounds, 257 La. 523, 242 So.2d 839 (1970), a suit by the natural father of a minor child was held to have interrupted prescription on a later claim made by the child's court-appointed tutor. These rulings are based on the principle that if the defendant has been notified of the nature and the facts giving rise to the claim against him, prescription is interrupted in favor of the proper petitioner. Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979). See also Allstate Ins. Co. v. Louisiana Gas Serv. Co., 344 So.2d 386 (La.App. 4th Cir.1977).
The original petition in this case stated a cause of action and was filed in a court of competent jurisdiction and proper venue. The claim asserted by the child's tutrix arose out of the same factual situation as the claim asserted by her father. Both plaintiffs, the natural father and the grandmother, clearly share an identity of interest in this case. Under these circumstances, it is our opinion that the original petition was sufficient to interrupt prescription as to all defendants, notwithstanding the fact that it was filed by someone lacking procedural *913 capacity. La.R.S. 9:5801; see also 9 Tul.L. Rev. 285 (1934).
In this case, the father and the child's grandmother (and court-appointed tutrix) filed pleadings captioned "Joint Motion to Intervene and of Joinder" and "Supplemental and Amending Petition" within four days of the dismissal of the original suit. These pleadings re-urged the facts of the first petition and additionally named the child's grandmother as plaintiff. Defendants argue that these pleadings, filed in an action already dismissed, were totally ineffective. We disagree.
Amendment of a suit after dismissal or final judgment should not be permitted. Nevertheless, pleadings should be liberally construed so as to give the pleader an opportunity to present his evidence and to achieve substantial justice. La.C.Civ.Pr. art. 865; Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973).
In this case there is no doubt that regardless of their captions, the pleadings filed on March 4, 1980, were intended to re-urge the identical claim made in the original petition and to name the proper party as plaintiff. In our opinion, this should be construed as refiling suit after dismissal. Because the dismissal should have been without prejudice, plaintiffs should have been afforded the opportunity to refile.
The injury which forms the basis of this suit occurred on November 4, 1978. This claim, therefore, would have prescribed on November 4, 1979, one year after the accident. When suit was timely filed by the child's natural father on May 24, 1979, prescription was interrupted. Davis v. Royal-Globe Ins., supra. New pleadings were filed on May 4, 1980, within the prescriptive period as extended by the interruption.
The judgment of the trial court is reversed and the case is remanded for a trial on the merits which would include all four originally named defendants and the newlynamed plaintiff.
REVERSED AND REMANDED.