IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-11035
Summary Calendar

DOROTHY JOHNSON, Individually and as representative of the estate of
Edward Lee Johnson

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1418

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

On November 6, 2000, Edward Lee Johnson (the "decedent") died at the Veterans Hospital of Dallas after an apparent overdose of morphine sulfate. Approximately a year and a half later, Dorothy Johnson ("Johnson"), one of the decedent's six siblings, filed an administrative tort claim with the Department of Veterans Affairs ("DVA") on behalf of the decedent, alleging improper medical

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

care. On the form for the administrative tort claim, Standard Form 95 ("SF-95"), Johnson identified the claimant as "Dorothy Johnson for Edward Johnson" and on an addendum stated that she was the "representative of the estate of Edward L. Johnson." The DVA notified Johnson that she had to provide the DVA with evidence that she was either the executrix or administrator of the decedent's estate, or that all of the decedent's siblings (who were his surviving heirs under Texas law) had agreed for Johnson to act on behalf of the decedent's estate. On November 4, 2005, the DVA sent Johnson a letter acknowledging that Johnson had accepted the DVA's offer to settle the claim for $50,000, but stating that the DVA could authorize the settlement "only if it is with an authorized representative of Edward Johnson's estate." The DVA asked Johnson whether she intended to probate the decedent's estate and obtain letters testamentary. The DVA contacted Johnson again on January 24, 2006, stating that if she did not probate the estate by January 31, 2006, the DVA would deny Johnson's claim. Johnson failed to respond to this request. As promised, the DVA denied Johnson's claim on February 10, 2006.

Johnson then brought suit against the United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. The district court denied Johnson's motion for summary judgment and granted the United States' motion to dismiss, which the court treated as a motion for summary judgment. The district court reasoned that Johnson lacked the capacity, or legal right, to bring a claim on behalf of the decedent. Johnson appeals.

Under the FTCA, the United States is liable in damages "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Thus, we use the law of the state where the incident occurred to analyze Johnson's claim. See 28 U.S.C. § 1346(b); Richards v. United States, 369 U.S. 1, 9 (1962). The decedent here died without

a will and with no living child, spouse, or parent, meaning that Johnson, as one of the decedent's surviving siblings, is one of his "heirs." TEX. PROB. CODE ANN. §§ 3(o), 37, 38(a)(3). Under Texas law, heirs have the capacity to sue on behalf of a decedent. TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b). However, the Texas Supreme Court has stated that "heirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none [is] necessary." Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 850-51 (Tex. 2005) (quoting Shepard v. Ledford, 962 S.W.2d 28, 31-32 (Tex. 1998)) (emphasis added). Here, Johnson filed her claim with the DVA approximately a year and a half after the decedent's death, which is within the four-year period under Texas law to institute an administration proceeding. See TEX. PROB. CODE ANN. § 74. Therefore, Johnson had to allege and prove that there was no administration pending and that none was necessary to demonstrate that she had the capacity to sue on behalf of the decedent. There is no evidence in the record that Johnson provided this information, either before she filed her claim with the DVA or in response to the DVA's repeated requests. Simply put, without evidence that there was no administration pending and none was necessary, Johnson lacked the capacity to bring a claim on behalf of the decedent, and the district court properly granted summary judgment in favor of the United States on this basis.

AFFIRMED.