# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

No. 12-31268

DENISE PLEASANT, Administratrix; LAVARDIS WHITMAN; CHASSITI
WILLIAMS,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA, on behalf of Overton Brooks Veterans
Administration Hospital; INSURANCE COMPANY A; INSURANCE
COMPANY B; INSURANCE COMPANY C,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

In this Federal Tort Claims Act ("FTCA") case, Plaintiffs-Appellants
Denise Pleasant, Larvardis Whitman, and Chassiti Williams appeal the
dismissal of their complaint against the Veterans Administration ("VA"). In
their complaint, the plaintiffs assert wrongful-death and survival causes of
action available under Louisiana law. The decedent, Nathan Chaney, died on
May 13, 2006, in the emergency room of Overton Brooks VA Medical Center in
Shreveport, Louisiana. Whitman and Williams are Chaney's children, and
Pleasant is Chaney's sister and court-appointed estate administratrix.
Pleasant filed a claim on behalf of Chaney's estate as administratrix and

No. 12-31268

putatively on behalf of Whitman and Williams, who were both minors at the time. Pleasant was not the children's tutor or guardian.[1] After the VA denied the claim, all three plaintiffs filed suit pursuant to the FTCA. The district court dismissed the case for lack of subject-matter jurisdiction, finding that the plaintiffs did not timely exhaust their administrative remedies before filing suit against the VA because, the district court concluded, under Louisiana law, only the children's tutors, and not Pleasant as administratrix, had legal capacity to file a valid administrative claim. Thus, the district court concluded, Whitman and Williams did not timely exhaust their administrative remedies as required by the FTCA because no one with legal authority filed a claim with the VA on behalf of the two children before the two-year statute of limitations expired. We conclude that the administrative notice of claim filed by Pleasant was sufficient to give the agency written notice of the children's claims sufficient to enable the agency to investigate and to place a value on the claims, and was therefore sufficient to preserve the claims. Accordingly, we REVERSE and REMAND for further proceedings.

## I.

On May 13, 2006, Nathan Chaney suffered a seizure and died in the emergency room of Overton Brooks VA Medical Center in Shreveport, Louisiana, allegedly due to the VA's negligence. Chaney was survived by his sister, Denise Pleasant; his mother, Muriel Lee Chaney Thomas; and his two then-minor children, Chassiti B. Williams and Lavardis R. Whitman, and their respective mothers. In 2007, Pleasant was appointed by a Louisiana court as administratrix of Chaney's estate. The only asset of Chaney's estate was the malpractice claim against the VA hospital.

---

[1] Tutorship in Louisiana is similar to guardianship in common-law jurisdictions. *See generally* FRANK L. MARAIST, 1A LA. CIV. L. TREATISE § 6.1 (2014).

No. 12-31268

On May 8, 2008, within the two-year statute of limitations, *see* 28 U.S.C. § 2401(b), Pleasant filed an administrative claim as administratrix and on behalf of herself, Williams, and Whitman, against the VA Medical Center and various physicians and staff members, with the Office of Veterans Affairs. At the time Pleasant filed the notice of claim, both Whitman and Williams were minors, but they both became adults later in 2008.

Pleasant used "Standard Form 95" ("SF-95") to file the FTCA claim. The form identified the claimant as "Denise Pleasant, administratrix," identified the nature of the claim as "wrongful death," and identified the loss amount as $500,000. Pleasant appended a document similar to a complaint in a lawsuit to the SF-95 she filed with the Office of Veterans Affairs. That document stated that Nathan Chaney had died and was "survived by his sister, Denise Pleasant, mother, Muriel Lee Chaney Thomas, and minor children, Chassiti B. Williams and Lavardis R. Whitman." The remainder of the document set forth allegations regarding Chaney's medical care and death. The final paragraph was in the nature of a prayer for relief and stated that petitioner Denise Pleasant prayed that a claim for death be reviewed and that an award be made based on the allegedly substandard medical care that caused the death of Nathan Chaney.

Counsel for Pleasant and the VA commenced settlement negotiations. The VA concedes that it was aware that Pleasant was bringing a claim on her own behalf and on behalf of Whitman and Williams, and that it had sufficient notice of the nature of the claims and the identity of the claimants. In June of 2010, during settlement negotiations, counsel for the VA for the first time called into question Pleasant's authority under Louisiana law to file the administrative claim on behalf of Whitman and Williams. Pleasant denied that it was necessary for the children's tutors, rather than the administratrix of their father's estate, to file the notice of claim with the VA, but in an

3

No. 12-31268

abundance of caution she also attached new SF-95s signed and dated by Whitman and Williams, each dated July 14, 2010, after they had become adults. The VA issued a final denial of all administrative claims filed by Pleasant, Williams, and Whitman.

Pleasant, Whitman, and Williams filed this FTCA suit in the U.S. District Court for the Western District of Louisiana on March 9, 2011.[2] The Government moved to dismiss, arguing that Whitman and Williams were the only proper beneficiaries and that they did not timely present their claims to the VA. The matter was referred to a magistrate judge, who recommended that the district court deny the motion because the VA had notice of the claim and because the claim, which named all of the potential beneficiaries, had been timely filed, regardless of the capacity in which Pleasant had filed the claim. The district court disagreed and granted the motion to dismiss for lack of subject-matter jurisdiction. The district court found that the children did not timely present their administrative claim to the VA before filing suit because, the district court concluded, under Louisiana law only the children's tutors, and not an administratrix, had legal capacity to file the administrative claim. Thus, district court concluded, Whitman and Williams did not timely present their notice of claim as required by the FTCA because no one with legal authority filed a claim with the VA on behalf of the two children before the two-year statute of limitations expired. This appeal followed.[3]

**II.**

---

[2] Chaney's mother is not a named plaintiff in this action.

[3] The district court had jurisdiction over this suit under the FTCA. 28 U.S.C. §§ 1346(b), 2674. We have jurisdiction to review timely appeals from the final decisions of district courts. 28 U.S.C. § 1291; *see* FED. R. APP. P. 4(a)(1)(B).

No. 12-31268

The FTCA grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies. 28 U.S.C. §§ 2674, 2679(a). Plaintiffs may recover against the United States and its agencies under the FTCA "in the same manner and to the same extent as a private individual under like circumstances" under substantive state law. *Id.* § 2674. Before a plaintiff may bring a lawsuit under the FTCA, the claim must be presented to the appropriate federal agency and be finally denied by the agency in writing. *Id.* § 2675(a). A plaintiff must provide the agency with her notice of claim within two years after her claim accrues. *Id.* §§ 2401(b), 2675(a). "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442, *amended on other grounds on reh'g*, 905 F.2d 61 (5th Cir. 1990) (citing *Adams v. United States*, 615 F.2d 284, 289, *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980)).

The parties do not dispute that under Louisiana law, Pleasant, because she was not the tutor or guardian of Whitman or Williams during the events giving rise to this suit, could not file or maintain a lawsuit on behalf of her niece and nephew before they became adults.[4] The question presented is whether Whitman and Williams' claim against the VA arising from the death of their father was preserved for purposes of the FTCA when Pleasant filed the administrative notice of claim with the VA for them, even though Pleasant

---

[4] *See* LA. CODE CIV. P. art. 683(B); LA. CIV. CODE art. 250 ("Upon the death of either parent, the tutorship of minor children belongs of right to the other."); LA. CODE CIV. P. art. 4061.1 (providing that natural tutor of minor child may file action for damages on behalf of child based on a delictual obligation). On appeal, the Government does not contend that Whitman and Williams would be ineligible under Louisiana substantive law to recover for the VA's medical malpractice causing Chaney's death.

5

lacked the legal authority under Louisiana law to represent the children's rights.[5] This is a question of law that we review *de novo*. *See Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (per curiam), *cert. denied*, 134 S. Ct. 1307 (2014). For the reasons that follow, we hold that the notice of claim filed by Pleasant, because it gave written notice to the VA of the nature and value of the FTCA claims arising from Chaney's death, was sufficient to preserve the children's claims. *Transco Leasing*, 896 F.2d at 1444; *Adams*, 615 F.2d at 289.

The purpose of the FTCA's administrative-presentment requirement is to allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts. *See, e.g.*, *McNeill v. United States*, 508 U.S. 106, 111-12 & n.7 (1993) (explaining that the purpose of the notice-of-claim requirement is to facilitate the agency's prompt investigation and settlement of claims); *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) ("The statutory purpose of requiring an administrative claim is 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" (citation omitted)); *accord Transco Leasing*, 896 F.2d at 1442; *Adams*, 615 F.2d at 288-89. We have explained that the purpose of the FTCA's notice-of-claim requirement "will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Rise*, 630 F.2d at 1071. Accordingly, we have held, a notice of

---

[5] Of course, Whitman and Williams are now adults, and as such may maintain suit on their own; their prior incapacity is not a bar to their ability to maintain this suit now as adults. *See, e.g.*, *Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 347 (5th Cir. 2011) (per curiam) (stating, in context of minor's capacity to sue under Louisiana law, that "capacity to sue can be cured").

claim requirement is satisfied "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams*, 615 F.2d at 289; *accord Transco Leasing*, 896 F.2d at 1442.

The district court erred in imposing additional requirements on the children beyond their obligation to provide the agency with (1) written notice of the claim sufficient to enable investigation and (2) a value of the claim. *See Transco Leasing*, 896 F.2d at 1442; *Adams*, 615 F.2d at 289. Our opinion in *Transco Leasing* is instructive on this point. *See* 896 F.2d 1435. In *Transco Leasing*, after an airplane pilot died in a mid-air collision, his executor, a bank, sought to recover damages on behalf of the decedent's widow and daughter. *Id.* at 1439-40. The district court dismissed the wrongful death claims of the widow and daughter, concluding that they did not satisfy the notice requirements of the FTCA because the bank, rather than the claimants themselves, had filed the notice of claim, and because the bank failed to comply with § 14.3(e) of the regulations, which requires that a claim presented by a legal representative "shall be presented in the name of the claimant." *Id.* at 1440-41, 1443. We reversed, holding that it was enough that the Bank, as executor, preserved the claims on behalf of the family members and that "the administrative claim form submitted by the Bank, on behalf of the . . . widow and daughter, satisfied the jurisdictional notice requirements identified in *Adams*: (1) the agency was given sufficient written notice to commence investigation; and (2) a value was placed on the claim." *Id.* at 1444; *see Adams*, 615 F.2d at 289.

While in *Transco Leasing* we observed that the bank was a legal representative authorized by state law to pursue wrongful death claims on behalf of statutory beneficiaries, we did not imply that an individual or entity filing a notice of claim on behalf of beneficiaries must have the legal authority

under state law to pursue the beneficiaries' legal rights in court. *See* 896 F.2d at 1444. To the contrary, we cited with approval the view that "the administrative claims requirements of the FTCA are 'meant to benefit claimants and in no way are designed to preclude them from their day in court.' The requirements are 'intended to lessen the court case load through fair settlement, not procedural default.'" *Id.* (quoting *Van Fossen v. United States*, 430 F. Supp. 1017, 1017, 1022 (N.D. Cal. 1977)). In support, we relied upon several cases holding that a notice of claim was properly presented notwithstanding the plaintiff's lack of authority under state law to bring a claim on behalf of other beneficiaries. *See id.* at 1443-44 (citing *Champagne v. United States*, 573 F. Supp. 488, 493-94 (E.D. La. 1983) (holding that a notice of claim filed by the widow of a decedent on behalf of her adult daughter, on whose behalf the mother had no authority to file a lawsuit under Louisiana law, was sufficient under the FTCA because the claim form listed the daughter by name and put a value on the claim), and *Van Fossen*, 430 F. Supp. at 1020-22 (holding notice of claim was properly presented even though under Virginia law it was filed by the incorrect party)); *see also, e.g.*, *Downs v. United States*, 382 F. Supp. 713, 728-29 (M.D. Tenn. 1974) (holding notice of claim was properly presented notwithstanding plaintiff's lack of "capacity" under Florida law to bring claim on behalf of other beneficiaries), *rev'd on other grounds*, 522 F.2d 990 (6th Cir. 1975).

As our opinion in *Transco Leasing* demonstrates, for a notice of claim to be sufficient, a person or entity filing a notice of claim on behalf of other beneficiaries need not have the legal authority to pursue those claims in state court. Indeed, the regulations implementing the FTCA clearly contemplate that notice of claims will be presented by estate administrators and other legal representatives. *See* 28 C.F.R. § 14.3. Section 14.3(c) provides that "[a] claim based on death may be presented by the executor or administrator of the

[decedent's] estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law."[6]  This section contemplates that an estate's representative to file a notice of claim—regardless of whether, under state law, that executor or administrator has the legal right or capacity to represent the decedent's beneficiaries in a lawsuit.[7]

Considering the foregoing principles and authorities, we conclude that an FTCA notice of claim need not be filed by a party with the legal authority or capacity under state law to represent the beneficiaries' interests in state court.  State-law authority or capacity to represent beneficiaries is not required simply to put the government on notice of the nature and value of a claim.

In coming to a contrary decision, the district court relied on this Court's unpublished summary calendar opinion in *Johnson v. United States*, 287 F. App'x 328 (5th Cir. 2008) (per curiam), which held that the plaintiff, who was under Texas law the heir of the decedent, could not maintain the FTCA suit because she had not established a state-law prerequisite to recovery.  *Id.* at 329.  Texas law required heirs to "allege and prove that there is no administration pending and none is necessary" before they have "capacity" to bring a survival action.  *Id.* at 330 (quotation marks, alteration, and emphasis

---

[6] Nothing in the applicable regulations indicate that the category of claims "based on death" cover only a decedent's own wrongful-death claims, to the exclusion of other personal-injury claims "based on death," such as survivor claims for personal injury.  *Cf.* 28 C.F.R. §§ 14.3(b) & (c).

[7] While § 14.3(c) includes the phrase "in accordance with applicable state law," we read that phrase to modify only the phrase immediately preceding it—*viz.*, the phrase "any other person legally entitled to assert such a claim[.]"  *See Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (explaining that "the grammatical 'rule of the last antecedent'" provides that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows"); *accord, e.g.*, *Paroline v. United States*, 134 S. Ct. 1710, 1721 (2014).  Thus, section 14.3(c) provides that an FTCA claim "based on death" may be presented by (1) the executor or administrator of the decedent's estate, or (2) by any other person who, in accordance with applicable state law, is legally entitled to assert such a claim.

omitted).  Because the plaintiff had failed to do this, we concluded that she was not a proper beneficiary under state law, and that therefore the United States could not be held liable.  *Id.* at 329-30.  Although in *Johnson* we used the state-law term "capacity" to refer to the Texas requirement that heirs allege and prove that no estate administration is pending, we employed that term to refer to the *substantive* scope of the agency's liability: because a private individual would not be subject to suit under Texas law if the plaintiff did not make the requisite showing that no estate administration was pending, the United States would not be subject to suit under those circumstances, either.  *See id.*[8] In *Johnson*, we did not purport to address the sufficiency of the plaintiff's presentment of her notice of claim.  Accordingly, *Johnson* is inapposite.

We conclude that the plaintiffs' notice of claim was timely presented in this case.  The government acknowledges that it had actual, written notice of the claim sufficient to enable the VA to investigate and to place a value on the claim.[9]   The basic "notice" function of the administrative exhaustion

---

[8] *See also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual *under like circumstances*." (emphasis added)).

[9] Contrary to the suggestion of the dissent and the district court, for the reasons just given, Louisiana procedural law does not govern whether a claim is presented under the FTCA.  Furthermore, even if we were to look to state law, under Louisiana law, a party's lack of capacity does not defeat the claim; it "merely retards the progress of the action," it does not "defeat the action," LA. CODE CIV. PROC. art. 923, meaning that the claim would be dismissed without prejudice, the prescriptive period would be interrupted, and the claim could be refiled, *see Jackson v. Hous. Auth. of New Orleans*, 478 So. 2d 911 (La. Ct. App. 4th Cir. 1985) (filing of claim on behalf of minor child by child's relative without legal authority to do so did not defeat child's claim because action could be refiled by party with proper authority); HON. MAX TOBIAS, JR., *et al.*, LA. PRAC. CIV. PRETRIAL § 9:65 (2013-2014 ed.).

No. 12-31268

requirement was therefore satisfied. *See Transco Leasing*, 896 F.2d at 1444; *Adams*, 615 F.2d at 289.[10]

### III.

For the foregoing reasons, we REVERSE the district court's order dismissing this case for lack of subject-matter jurisdiction and REMAND for further proceedings.

---

[10] Because on appeal the parties did not brief whether Pleasant may be a proper beneficiary in her own right under Louisiana law, that argument is waived and accordingly we do not consider or reach this question.

No. 12-31268

EMILIO M. GARZA, Circuit Judge, dissenting:

The majority concludes that "an FTCA notice of claim need not be filed by a party with the legal authority or capacity under state law to represent the beneficiaries' interests in state court." *Ante* at 9. Under this errant view of the law, any person, regardless of his or her connection to the actual claimant or the claim, could satisfy the jurisdictional notice-of-claim prerequisite in 28 U.S.C. § 2675(a). The majority's conclusion shows little regard for the United States' limited waiver of its sovereign immunity for personal injury or death claims under "circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred*," 28 U.S.C. § 1346(b)(1) (emphasis added), and fails to give meaningful weight to the term "claimant" as understood in our controlling precedents and the text of 28 U.S.C. § 2675(a).  As our precedents and the statute make clear, the party filing a notice-of-claim must have the legal authority to press the claim asserted. In this appeal there is no dispute that Denise Pleasant, as administratrix of her deceased brother's estate, did not have the legal authority to bring claims on behalf of his children. *Ante* at 5. Therefore, the children's claims were not properly presented to the Veteran's Administration ("VA") for agency consideration within the meaning of § 2675(a).

Distilled, the question presented in this appeal is whether a party filing a notice-of-claim on behalf of other beneficiaries must have the legal authority to represent those beneficiaries. That is, whether a party lacking legal authority to assert claims on behalf of others may nonetheless act to preserve their claims for later adjudication in the federal courts.  The answer begins with the text of 28 U.S.C. § 2675(a), which provides that "an action shall not be instituted upon a claim against the United States . . . unless the *claimant* shall have first presented the claim to the appropriate Federal agency and *his*

12

*claim* shall have been finally denied by the agency in writing . . . ." *Id.* (emphasis added). On its face, this language indicates that the person presenting the claim for agency review must be a person with control over the claim. The meaning of the word "claimant" is clarified by the inclusion of the phrase "*his claim.*"  This result is additionally supported by the principle that "[s]tatutes waiving [the] sovereign immunity of the United States are to be 'construed strictly in favor of the sovereign.'" *Jeanmarie v. United States*, 242 F.3d 600, 604 (5th Cir. 2001) (quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951)).

Here, neither of the children timely presented to the VA notice of the claims arising out of their father's death. While Pleasant filed a claim form that alerted the VA to existence of the claims, she had no legal authority to act on the children's behalf. Significantly, Pleasant does not dispute this.  Under Louisiana law, unemancipated minors lack "the procedural capacity to sue", LA. CODE CIV. P. art. 683(A), and must be represented by a tutor*, id.* art. 683(B) ("[T]he tutor is the proper plaintiff to sue to enforce a right of an unemancipated minor . . . ."). "Upon the death of either parent, the tutorship of minor children belongs of right to the other," unless a court appoints a substitute tutor. LA. CIV. CODE art. 250. Pleasant was not the children's tutor, and her role as the administratrix of her brother's estate did not bestow the legal right to "enforce a right of an unemancipated minor" under Louisiana law. Thus, the "claimants" did not present their claim to the agency, and therefore did not satisfy the notice-of-claim prerequisite for federal jurisdiction. *See* 28 U.S.C. § 2675(a).

In reaching the opposite conclusion, the majority fails to address the meaning of the term "claimant" as used in the statute. Rather, today's opinion exclusively relies on our precedents establishing only what is sufficient for "presenting" a claim under § 2675(a).  In *Transco Leasing Corp. v. United*

*States*, 896 F.2d 1435, 1442, *amended on other grounds on reh'g*, 905 F.2d 61 (5th Cir. 1990), a bank was appointed executor of a pilot's estate. The bank, as executor, filed a notice-of-claim for wrongful death claims on behalf of the pilot's wife and daughter, who, in turn, did not file notices individually. The *Transco* court held that the bank's notice-of-claim was sufficient to preserve the wife's and daughter's wrongful death claims. The *Transco* court held that "[a] claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." We have found these elements acceptable for "presentation" purposes because they are sufficient to "bring[] to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980). While *Transco* undoubtedly establishes that these are the only two requirements for properly *presenting* a claim, that case does not govern the issue before us—that is, the scope of the term "claimant."

Although *Transco* addresses a distinct legal question from the case at bar, its analysis supports the position that a person filing notice of a claim under § 2675(a) must have actual legal authority to file that claim.

First, in holding that the Bank could validly file the notice-of-claim on behalf of the wife and daughter, the *Transco* court was directly guided by state law, finding that the Texas Wrongful Death Act "confers upon the executor of an estate the authority to pursue a wrongful death action [in place of the individuals entitled to bring such an action]." *Transco*, 905 F.2d at 1443. In other words, the bank's notice of claim was sufficient to preserve the wife's and daughter's claims only because the bank possessed the legal authority to press those claims under state law. In concluding on this point, the court explicitly stated that "the Bank, as independent executor of [the Pilot's] estate, is a legal

representative *authorized by state law* to pursue claims for wrongful death on behalf of the statutory beneficiaries." *Id.* at 1444. (emphasis added). Second, the *Transco* court found that "[t]he 'claimants' within the meaning of § 2675(a) are [the pilot's] widow and daughter." *Id.* at 1443. Later, the court wrote that the wife and daughter were the "actual claimants." *Id.* Both of these references are couched directly within a discussion of the rights arising out of the Texas Wrongful Death Act. Accordingly, the majority's conclusion that *Transco* "does not imply that an individual or entity filing a notice of claim on behalf of beneficiaries must have the legal authority under state law to pursue the beneficiaries' legal rights in court," *ante* at 7–8, is incorrect.

The requirement that a claimant under § 2675(a) have legal authority to file a notice-of-claim is further supported by the Eighth Circuit's *en banc* decision in *Mader v. United States*, 654 F.3d 794 (8th Cir. 2011) (en banc). *Mader* holds that "a properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim beneficiaries under state law." *Id.* at 803. Such authority is required because federal agencies are only authorized to settle claims under the FTCA in "circumstances where the United States, if a private person, would be liable to the claimant *in accordance with applicable state law*." 28 U.S.C. § 1346(b)(1); *Mader*, 654 F.3d at 801 (emphasis added). The *Mader* court found that "under Nebraska law [which governed the wrongful death claim asserted by a widow for her husband's death], a private tortfeasor cannot be legally liable to a non-personal representative for the wrongful death of a decedent," *id.* at 801 (internal citations omitted), and therefore determined that evidence of the representative's legal status under state law was essential to allow the government agency to decide whether to settle, and to legally effect any such settlement eventually reached. Significantly, the *Mader* court found that a representative's actual authority to act on behalf of a claim's beneficiaries

15

under state law is "fundamental to the meaningful administrative consideration and settlement process contained in [§ 2675(a)]." *Id.* at 803. For example, without proof of authority to press the claim, "any agreements with [the purported representative] on behalf of the claim's beneficiaries, including a release of claims [for settlement], would have been ineffective." *Id.* at 802. Therefore, actual authority to present a claim is not only implicit in the text of § 2675(a), but it is also essential to the scheme envisioned by Congress: The requirement allows federal agencies to reach final settlement for a limited class of tort claims before they can be brought in the judicial system. *Id.* at 803–804 ("[Proof of authority] is not a pointless administrative hurdle—it is fundamental to the meaningful administrative consideration and settlement process contemplated [in the FTCA]."). This purpose is frustrated if the filing party does not have the legal capacity to settle the claim.[1]

For the foregoing reasons, I would affirm the district court's dismissal for lack of subject matter jurisdiction. Respectfully, I dissent.

---

[1] In an attempt to bolster today's holding, the majority asserts that "Louisiana procedural law does not govern whether a claim is presented under the FTCA." *Ante* at 10 n.9. This demonstrates the majority's continued misapprehension of the issue before the court. Without question, the procedural law governing claim presentation under the FTCA *is the FTCA itself*—the Act requires agency notice, sets the deadline for effecting such notice, and mandates that claims be presented as a precedent to federal jurisdiction. State law is relevant insofar as it gives substantive meaning to the term "claimant" as used in § 2675(a). This is the only function ascribed to Louisiana law by the statute. The majority's approach does not give any meaning to the term "claimant," allowing *any* person to file a claim— sufficient to create federal jurisdiction—on behalf of an injured party.

For this same reason, the majority's observation that, under Louisiana procedural law, "a party's lack of capacity . . . 'merely retards the progress of the action,'" *ante* at 10 n.9, is entirely beside the point. A plaintiff's ability, as in *Jackson v. Hous. Auth. Of New Orleans*, 478 So. 2d 911 (La. Ct. App. 4th Cir. 1985), to later refile a previously dismissed complaint, now identifying the proper claimant (the tutor), while simultaneously benefiting from a toll of the prescription period, is not remotely germane to the FTCA's notice-of-claim provisions. Under § 2675(a), state law merely establishes who is properly considered a "claimant," it does not usurp the FTCA's procedural requirements. Here, Louisiana law makes plain that minors may assert claims only through a legal tutor. Denise Pleasant was not the children's tutor, and therefore lacked capacity to assert their claims. Accordingly, the children—the actual "claimants"—never presented their claims to the VA.