PER CURIAM:
In this Federal Tort Claims Act (“FTCA”) case, Plaintiffs-Appellants Denise Pleasant, Larvardis Whitman, and Chassiti Williams appeal the dismissal of their complaint against the Veterans Administration (‘VA”). In their complaint, the plaintiffs assert wrongful-death and survival causes of action available under Louisiana law. The decedent, Nathan Chaney, died on May 13, 2006, in the emergency room of Overton Brooks VA Medical Center in Shreveport, Louisiana. Whitman and Williams are Chaney’s children, and Pleasant is Chaney’s sister and court-appointed estate administratrix. Pleasant filed a claim on behalf of Chaney’s estate as administratrix and putatively on behalf of Whitman and Williams, who were both minors at the time. Pleasant was not the children’s tutor or guardian.[1] After the VA denied the claim, all three plaintiffs filed suit pursuant to the FTCA. The district court dismissed the case for lack of subject-matter jurisdiction, finding that the plaintiffs did not timely exhaust their administrative remedies before filing suit against the VA because, the district court concluded, under Louisiana law, only the children’s tutors, and not Pleasant as administratrix, had legal ca *447 pacity to file a valid administrative claim. Thus, the district court concluded, Whitman and Williams did not timely exhaust their administrative remedies as required by the FTCA because no one with legal authority filed a claim with the VA on behalf of the two children before the two-year statute of limitations expired. We conclude that the administrative notice of claim filed by Pleasant was sufficient to give the agency written notice of the children’s claims sufficient to enable the agency to investigate and to place a value on the claims, and was therefore sufficient to preserve the claims. Accordingly, we REVERSE and REMAND for further proceedings.
I.
On May 13, 2006, Nathan Chaney suffered a seizure and died in the emergency room of Overton Brooks VA Medical Center in Shreveport, Louisiana, allegedly due to the VA’s negligence. Chaney was survived by his sister, Denise Pleasant; his mother, Muriel Lee Chaney Thomas; and his two then — minor children, Chassiti B. Williams and Lavardis R. Whitman, and their respective mothers. In 2007, Pleasant was appointed by a Louisiana court as administratrix of Chaney’s estate. The only asset of Chaney’s estate was the malpractice claim against the VA hospital.
On May 8, 2008, within the two-year statute of limitations, see 28 U.S.C. § 2401(b), Pleasant filed an administrative claim as administratrix and on behalf of herself, Williams, and Whitman, against the VA Medical Center and various physicians and staff members, with the Office of Veterans Affairs. At the time Pleasant filed the notice of claim, both Whitman and Williams were minors, but they both became adults later in 2008.
Pleasant used “Standard Form 95” (“SF-95”) to file the FTCA claim. The form identified the claimant as “Denise Pleasant, administratrix,” identified the nature of the claim as “wrongful death,” and identified the loss amount as $500,000. Pleasant appended a document similar to a complaint in a lawsuit to the SF-95 she filed with the Office of Veterans Affairs. That document stated that Nathan Chaney had died and was “survived by his sister, Denise Pleasant, mother, Muriel Lee Chaney Thomas, and minor children, Chassiti B. Williams and Lavardis R. Whitman.” The remainder of the document set forth allegations regarding Chaney’s medical care and death. The final paragraph was in the nature of a prayer for relief and stated that petitioner Denise Pleasant prayed that a claim for death be reviewed and that an award be made based on the allegedly substandard medical care that caused the death of Nathan Chaney.
Counsel for Pleasant and the VA commenced settlement negotiations. The VA concedes that it was aware that Pleasant was bringing a claim on her own behalf and on behalf of Whitman and Williams, and that it had sufficient notice of the nature of the claims and the identity of the claimants. In June of 2010, during settlement negotiations, counsel for the VA for the first time called into question Pleasant’s authority under Louisiana law to file the administrative claim on behalf of Whitman and Williams. Pleasant denied that it was necessary for the children’s tutors, rather than the administratrix of their father’s estate, to file the notice of claim with the VA, but in an abundance of caution she also attached new SF-95s signed and dated by Whitman and Williams, each dated July 14, 2010, after they had become adults. The VA issued a final denial of all administrative claims filed by Pleasant, Williams, and Whitman.
Pleasant, Whitman, and Williams filed this FTCA suit in the U.S. District Court *448 for the Western District of Louisiana on March 9, 2011.[2] The Government moved to dismiss, arguing that Whitman and Williams were the only proper beneficiaries and that they did not timely present their claims to the VA. The matter was referred to a magistrate judge, who recommended that the district court deny the motion because the VA had notice of the claim and because the claim, which named all of the potential beneficiaries, had been timely filed, regardless of the capacity in which Pleasant had filed the claim. The district court disagreed and granted the motion to dismiss for lack of subject-matter jurisdiction. The district court found that the children did not timely present their administrative claim to the VA before filing suit because, the district court concluded, under Louisiana law only the children’s tutors, and not an administratrix, had legal capacity to file the administrative claim. Thus, district court concluded, Whitman and Williams did not timely present their notice of claim as required by the FTCA because no one with legal authority filed a claim with the VA on behalf of the two children before the two-year statute of limitations expired. This appeal followed.[3]
II.
The FTCA grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies. 28 U.S.C. §§ 2674, 2679(a). Plaintiffs may recover against the United States and its agencies under the FTCA “in the same manner and to the same extent as a private individual under like circumstances” under substantive state law. Id. § 2674. Before a plaintiff may bring a lawsuit under the FTCA, the claim must be presented to the appropriate federal agency and be finally denied by the agency in writing. Id. § 2675(a). A plaintiff must provide the agency with her notice of claim within two years after her claim accrues. Id. §§ 2401(b), 2675(a). “A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim.” Transco Leasing Corp. v. United States, 896 F.2d 1435, 1442, amended on other grounds on reh’g, 905 F.2d 61 (5th Cir.1990) (citing Adams v. United States, 615 F.2d 284, 289, decision clarified on denial of reh’g, 622 F.2d 197 (5th Cir.1980)).
The parties do not dispute that under Louisiana law, Pleasant, because she was not the tutor or guardian of Whitman or Williams during the events giving rise to this suit, could not file or maintain a lawsuit on behalf of her niece and nephew before they became adults.[4] The question presented is whether Whitman and Williams’ claim against the VA arising from the death of their father was preserved for purposes of the FTCA when Pleasant filed the administrative notice of claim with the VA for them, even though *449 Pleasant lacked the legal authority under Louisiana law to represent the children’s rights.[5] This is a question of law that we review de novo. See Willoughby v. United States ex rel. U.S. Dep’t of the Army, 730 F.3d 476, 479 (5th Cir.2013) (per curiam), cert. denied, — U.S. -, 134 S.Ct. 1307, 188 L.Ed.2d 303 (2014). For the reasons that follow, we hold that the notice of claim filed by Pleasant, because it gave written notice to the VA of the nature and value of the FTCA claims arising from Chaney’s death, was sufficient to preserve the children’s claims. Transco Leasing, 896 F.2d at 1444; Adams, 615 F.2d at 289.
The purpose of the FTCA’s administrative-presentment requirement is to allow the federal agency promptly to investigate and, if appropriate, settle claims without having to resort to federal courts. See, e.g., McNeil v. United States, 508 U.S. 106, 111-12 & n. 7, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (explaining that the purpose of the notice-of-claim requirement is to facilitate the agency’s prompt investigation and settlement of claims); Rise v. United States, 630 F.2d 1068, 1071 (5th Cir.1980) (“The statutory purpose of requiring an administrative claim is ‘to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims' asserted against the United States.’” (citation omitted)); accord Transco Leasing, 896 F.2d at 1442; Adams, 615 F.2d at 288-89. We have explained that the purpose of the FTCA’s notice-of-claim requirement “will be served as long as a claim brings to the Government’s attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant.” Rise, 630 F.2d at 1071. Accordingly, we have held, a notice of claim requirement is satisfied “if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.” Adams, 615 F.2d at 289; accord Transco Leasing, 896 F.2d at 1442.
The district court erred in imposing additional requirements on the children beyond their obligation to provide the agency with (1) written notice of the claim sufficient to enable investigation and (2) a value of the claim. See Transco Leasing, 896 F.2d at 1442; Adams, 615 F.2d at 289. Our opinion in Transco Leasing is instructive on this point. See 896 F.2d 1435. In Transco Leasing, after an airplane pilot died in a mid-air collision, his executor, a bank, sought to recover damages on behalf of the decedent’s widow and daughter. Id. at 1439-40. The district court dismissed the wrongful death claims of the widow and daughter, concluding that they did not satisfy the notice requirements of the FTCA because the bank, rather than the claimants themselves, had filed the notice of claim, and because the bank failed to comply with § 14.3(e) of the regulations, which requires that a claim presented by a legal representative “shall be presented in the name of the claimant.” Id. at 1440-41, 1443. We reversed, holding that it was enough that the Bank, as executor, preserved the claims on behalf of the family members and that “the administrative claim form submitted by the Bank, on behalf of the ... widow and daughter, satisfied the jurisdictional notice requirements identified in Adams: (1) the agency *450 was given sufficient written notice to commence investigation; and (2) a value was placed on the claim.” Id. at 1444; see Adams, 615 F.2d at 289.
While in Transco Leasing we observed that the bank was a legal representative authorized by state law to pursue wrongful death claims on behalf of statutory beneficiaries, we did not imply that an individual or entity filing a notice of claim on behalf of beneficiaries must have the legal authority under state law to pursue the beneficiaries’ legal rights in court. See 896 F.2d at 1444. To the contrary, we cited with approval the view that “the administrative claims requirements of the FTCA are ‘meant to benefit claimants and in no way are designed to preclude them from their day in court.’ The requirements are ‘intended to lessen the court case load through fair settlement, not procedural default.’ ” Id. (quoting Van Fossen v. United States, 430 F.Supp. 1017, 1017, 1022 (N.D.Cal.1977)). In support, we relied upon several cases holding that a notice of claim was properly presented notwithstanding the plaintiffs lack of authority under state law to bring a claim on behalf of other beneficiaries. See id. at 1443-44 (citing Champagne v. United States, 573 F.Supp. 488, 493-94 (E.D.La.1983) (holding that a notice of claim filed by the widow of a decedent on behalf of her adult daughter, on whose behalf the mother had no authority to file a lawsuit under Louisiana law, was sufficient under the FTCA because the claim form listed the daughter by name and put a value on the claim), and Van Fossen, 430 F.Supp. at 1020-22 (holding notice of claim was properly presented even though under Virginia law it was filed by the incorrect party)); see also, e.g., Downs v. United States, 382 F.Supp. 713, 728-29 (M.D.Tenn.1974) (holding notice of claim was properly presented notwithstanding plaintiffs lack of “capacity” under Florida law to bring claim on behalf of other beneficiaries), rev’d on other grounds, 522 F.2d 990 (6th Cir.1975).
As our opinion in Transco Leasing demonstrates, for a notice of claim to be sufficient, a person or entity filing a notice of claim on behalf of other beneficiaries need not have the legal authority to pursue those claims in state court. Indeed, the regulations implementing the FTCA clearly contemplate that notice of claims will be presented by estate administrators and other legal representatives. See 28 C.F.R. § 14.3. Section 14.3(c) provides that “[a] claim based on death may be presented by the executor or administrator of the [decedent’s] estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.”[6] This section contemplates that an estate’s representative to file a notice of claim-regardless of whether, under state law, that executor or administrator has the legal right or capacity to represent the decedent’s beneficiaries in a lawsuit.[7]
*451 Considering the foregoing principles and authorities, we conclude that an FTCA notice of claim need not be filed by a party with the legal authority or capacity under state law to represent the beneficiaries’ interests in state court. State-law authority or capacity to represent beneficiaries is not required simply to put the government on notice of the nature and value of a claim.
In coming to a contrary decision, the district court relied on this Court’s unpublished summary calendar opinion in Johnson v. United States, 287 Fed.Appx. 328 (5th Cir.2008) (per curiam), which held that the plaintiff, who was under Texas law the heir of the decedent, could not maintain the FTCA suit because she had not established a state-law prerequisite to recovery. Id. at 329. Texas law required heirs to “allege and prove that there is no administration pending and none is necessary” before they have “capacity” to bring a survival action. Id. at 330 (quotation marks, alteration, and emphasis omitted). Because the plaintiff had failed to do this, we concluded that she was not a proper beneficiary under state law, and that therefore the United States could not be held liable. Id. at 329-30. Although in Johnson we used the state-law term “ca-pacify” to refer to the Texas requirement that heirs allege and prove that no estate administration is pending, we employed that term to refer to the substantive scope of the agency’s liability: because a private individual would not be subject to suit under Texas law if the plaintiff did not make the requisite showing that no estate administration was pending, the United States would not be subject to suit under those circumstances, either. See id.[8] In Johnson, we did not purport to address the sufficiency of the plaintiffs presentment of her notice of claim. Accordingly, Johnson is inapposite.
We conclude that the plaintiffs’ notice of claim was timely presented in this case. The government acknowledges that it had actual, written notice of the claim sufficient to enable the VA to investigate and to place a value on the claim.[9] The basic “notice” function of the administrative exhaustion requirement was therefore satisfied. See Transco Leasing, 896 F.2d at 1444; Adams, 615 F.2d at 289.[10]
III.
For the foregoing reasons, we REVERSE the district court’s order dismiss *452 ing this case for lack of subject-matter jurisdiction and REMAND for further proceedings.

. Tutorship in Louisiana is similar to guardianship in common-law jurisdictions. See generally Frank L. Maraist, 1A La. Civ. L. Treatise § 6.1 (2014).

. Chaney's mother is not a named plaintiff in this action.

. The district court had jurisdiction over this suit under the FTCA. 28 U.S.C. §§ 1346(b), 2674. We have jurisdiction to review timely appeals from the final decisions of district courts. 28 U.S.C. § 1291; see Fed. R.App. P. 4(a)(1)(B).

. See La.Code Civ. P. art. 683(B); La. Civ.Code art. 250 ("Upon the death of either parent, the tutorship of minor children belongs of right to the other.”); La.Code Civ. P. art. 4061.1 (providing that natural tutor of minor child may file action for damages on behalf of child based on a delictual obligation). On appeal, the Government does not contend that Whitman and Williams would be ineligible under Louisiana substantive law to recover for the VA’s medical malpractice causing Chaney’s death.

. Of course, Whitman and Williams are now adults, and as such may maintain suit on their own; their prior incapacity is not a bar to their ability to maintain this suit now as adults. See, e.g., Lewis v. Ascension Parish Sch. Bd., 662 F.3d 343, 347 (5th Cir.2011) (per curiam) (stating, in context of minor’s capacity to sue under Louisiana law, that “capacity to sue can be cured”).

. Nothing in the applicable regulations indicate that the category of claims “based on death” cover only a decedent’s own wrongful-death claims, to the exclusion of other personal-injury claims "based on death,” such as survivor claims for personal injury. Cf. 28 C.F.R. §§ 14.3(b) & (c).

. While § 14.3(c) includes the phrase "in accordance with applicable state law,” we read that phrase to modify only the phrase immediately preceding it -viz., the phrase "any other person legally entitled to assert such a claim[.]” See Barnhart v. Thomas, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003) (explaining that "the grammatical 'rule of the last antecedent’ ” provides that "a limiting clause or phrase ... should ordinarily be read as modifying only the noun or phrase that it immediately follows”); accord, e.g., Paroline v. United States,- U.S. - 134 S.Ct. 1710, 1721, 188 L.Ed.2d 714 (2014). Thus, section 14.3(c) provides that an FTCA claim “based on death” may be presented by (1) the executor or administrator of the decedent's estate, *451 or (2) by any other person who, in accordance with applicable state law, is legally entitled to assert such a claim.

. See also 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." (emphasis added)).

. Contrary to the suggestion of the dissent and the district court, for the reasons just given, Louisiana procedural law does not govern whether a claim is presented under the FTCA. Furthermore, even if we were to look to state law, under Louisiana law, a party’s lack of capacity does not defeat the claim; it "merely retards the progress of the action,” it does not "defeat the action,” La.Code Civ. Proc. art. 923, meaning that the claim would be dismissed without prejudice, the prescriptive period would be interrupted, and the claim could be refiled, see Jackson v. Hous. Auth. of New Orleans, 478 So.2d 911 (La.Ct. App. 4th Cir. 1985) (filing of claim on behalf of minor child by child’s relative without legal authority to do so did not defeat child's claim because action could be refiled by party with proper authority); Hon. Max Tobias, Jr., et at, La. Prac. Civ. Pretrial § 9:65 (2013-2014 ed.).

.Because on appeal the parties did not brief whether Pleasant may be a proper beneficiary in her own right under Louisiana law, that argument is waived and accordingly we do not consider or reach this question.