# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-20595
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

CLARA ELLIS, Individually and as Representative of the Estate of Larry
Ellis, Sr.; LARRY ELLIS, JR., Individually,

　　　　Plaintiffs - Appellants

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DOCTOR
JAMES SCHERIDICK, also known as Doctor James Schrodick; DOCTOR
SAMIR S. AWAD; DOCTOR SHAD F. OBRIEDAT, also known as Doctor
Shadi Fobreidat; DOCTOR ERIC K. SHINSEKI; DOCTOR  JOSEPH;
DOCTOR  BERGER; DOCTOR KUMUDHA RAMASUBBU; KEVIN CURTIS,

　　　　Defendants - Appellees

————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1319

————

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-20595

This case stems from the alleged tortious conduct of U.S. Department of Veteran Affairs doctors in the unfortunate death of Larry Ellis, Sr. The district court denied relief, ruling that Appellants' claims are time-barred. We affirm.

## BACKGROUND

Larry Ellis, Sr. received treatment at the Michael E. DeBakey Veteran Affairs Medical Center from January 28, 2011, to March 25, 2011. During that time, Ellis suffered from cardiac related complications. Nonetheless, the VA released Ellis from the hospital. He tragically died three days later at his home on March 28, 2011.

The day before Ellis' release from the VA, on March 24, 2011, Appellant Clara Ellis filed an administrative complaint with the VA on her husband's behalf, alleging "injury and wrongful deaths caused by doctors here at the VAMC in Houston, TX."

After an initial denial and request for reconsideration, the VA finally denied the claim on August 20, 2013. As part of that denial, the VA informed Ms. Ellis that if she was "dissatisfied with the action taken on [her] claim" she could "file suit in accordance with the Federal Tort Claims Act," so long as she filed "within 6 months after the date of the mailing of this notice."

Appellant failed to timely file suit in federal court, instead continuing to pursue her administrative claim with the VA. On July 25, 2016, the VA informed Ms. Ellis that because her initial claim had been denied and she had not timely filed for relief in federal court, the VA no longer had jurisdiction to consider her claim.

Meanwhile, Larry Ellis, Jr., decedent's son, filed an administrative claim with the VA on October 26, 2016. The VA rejected that claim, asserting that the VA did not have jurisdiction because the claim was well past the two-year statute of limitations under the FTCA.

2

Appellants filed the instant action on May 11, 2016, seeking relief under the FTCA. The district court denied relief on both claims, holding that the claims were time-barred. This appeal timely followed.

## DISCUSSION

Appellants contend that the district court erred in finding their claims time-barred. They further assert that equitable tolling saves their claims. We disagree.

"The FTCA grants a limited waiver of sovereign immunity for tort suits brought against the United States or its agencies." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (citing 28 U.S.C. §§ 2674, 2679(a)). A claim under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "Although phrased in the disjunctive, 'this statute requires a claimant to file an administrative claim within two years [of accrual] *and* file suit within six months of its denial.'" *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Hous. v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)).

The alleged negligent conduct occurred in or around March 2011. Appellant Larry Ellis, Jr. filed his administrative complaint regarding that conduct on October 26, 2016. The district court did not err in finding this claim time-barred, as it was not filed with the VA until over five years after accrual of the claim. *See* 28 U.S.C. § 2401(b).

Appellant Clara Ellis, in contrast, timely filed her administrative claim with the VA on March 24, 2011. After an initial denial and request for reconsideration, the VA finally denied Ms. Ellis' claim on August 20, 2013. Ms.

No. 17-20595

Ellis did not, however, file her claim in federal court until May 11, 2016, well after the six-month period mandated by the FTCA.

Ms. Ellis urges us to apply the doctrine of equitable tolling to save her claim.[1] "[T]he FTCA's [six-month] time bar[] [is] nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015). Nonetheless, we apply that doctrine "sparingly," and Appellant "has the burden to provide justification" for doing so. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Appellant has not met that burden.

Appellant argues that equitable tolling saves her claims because the VA's chief counsel allegedly failed to properly process her administrative claim and misled her into believing that the administrative complaint would continue so long as she provided additional evidence. We have recognized that equitable tolling can be appropriate where an agency misleads the plaintiff about the nature of her rights. *Id.* This is not such a case. The record evidence shows that the VA processed and finally denied Ms. Ellis' claim on two occasions. In doing so, the VA informed Ms. Ellis of her right to file suit in federal court within six months of that denial. There is no evidence that any individual from the VA misled Ms. Ellis regarding her right to do so in a timely manner.

## CONCLUSION

The district court did not err in concluding that Appellants' FTCA claims are time-barred. We affirm.

---

[1] Appellants appear to assert that both Ms. Ellis' and Larry Ellis, Jr.'s claims are subject to equitable tolling. However, Appellants offer no argument, explanation, or authority supporting how any alleged misrepresentations led to Larry Ellis, Jr.'s failure to timely file his administrative claim. "A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Parish*, 327 F. App'x 472, 483 (5th Cir. 2009).