Kenneth L. CELESTINE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 87–1510.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 28, 1987.

Decided March 11, 1988.

Kenneth L. Celestine, pro se.

Kenneth E. Weinfurt, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Kenneth L. Celestine appeals *pro se* from a final order entered in the District Court[1] for the Western District of Missouri. *Celestine v. United States*, No. 82–0128–CV–W–0 (W.D.Mo. Feb. 27, 1987). The district court affirmed the decision of the magistrate[2] finding in favor of the United States on his claim for battery and false imprisonment brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680. For the reasons discussed below, we affirm the order of the district court.

The facts are fully set forth in the district court's memorandum opinion. In brief, in February 1982 appellant sought in-patient psychiatric care at the Veterans' Administration (VA) Hospital in Kansas City, Missouri. He described himself to the staff as suicidal and assaultive. Appellant filled out admission papers and, while he was waiting for the staff psychiatrist to examine him, he became increasingly upset, hostile and argumentative. The nurse on duty summoned hospital security

guards. The hospital security guards attempted to talk to appellant, but appellant became belligerent and physically violent. The hospital security guards placed appellant in restraints and detained him for about ninety minutes, under observation, until he could be examined by the staff psychiatrist. Following an examination, the staff psychiatrist diagnosed appellant as a paranoid schizophrenic in need of immediate psychiatric treatment and admitted him. Appellant voluntarily underwent treatment in the hospital for six days and then left the hospital against the advice of his treating psychiatrist.

Subsequently, appellant filed this FTCA complaint against the government, alleging battery and false imprisonment by the hospital security guards. The case was tried to the magistrate by the consent of the parties pursuant to 28 U.S.C. § 636(c). Appellant was represented by appointed counsel. The magistrate found in favor of the government. The magistrate found that appellant was not a credible witness, no battery occurred, the hospital security guards used reasonable force in restraining appellant in order to prevent him from injuring himself or others, and, in light of appellant's behavior, the hospital staff was justified in detaining appellant until he could be examined by a staff psychiatrist. Appellant appealed; the district court affirmed the decision of the magistrate. This appeal followed.

As a preliminary matter, we hold that the VA hospital security guards are VA police officers under 38 U.S.C.A. § 218 (West Supp.1987) (former version at 38 U.S.C. § 218 (1982)), and as such, are "investigative or law enforcement officer[s]" within the meaning of the FTCA's intentional tort exception, 28 U.S.C. § 2680(h). Under the intentional tort exception, the government's waiver of sovereign immunity does not apply to any claim arising out of intentional torts, such as battery and false imprisonment, unless committed by

1. The Honorable Ross T. Roberts, late United States District Judge for the Western District of Missouri.

2. The Honorable Richard H. Ralston, United States Magistrate for the Western District of Missouri.

"investigative or law enforcement officers of the United States government." *Id.; see generally* Boger, Gitenstein & Verkuil, *The Federal Tort Claims Act Intentional Torts Amendment: An Interpretative Analysis,* 54 N.C.L.Rev. 497 (1976). The intentional tort exception defines "investigative or law enforcement officers of the United States government" as "officer[s] of the United States who [are] empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Under 38 U.S.C.A. § 218(b)(1)(C) (West Supp. 1987), VA employees who are VA police officers are empowered to make arrests for violation of federal law. *See, e.g., Caban v. United States,* 671 F.2d 1230, 1234 n. 4 (2d Cir.1982) (INS agents are investigative or law enforcement officers within the meaning of 28 U.S.C. § 2680(h)); *Ames v. United States,* 600 F.2d 183, 185 n. 3 (8th Cir.1979) (U.S. Attorneys not "investigative or law enforcement officers" within the meaning of 28 U.S.C. § 2680(h)); *United States v. Rubin,* 573 F.Supp. 1123, 1124–25 & nn. 2–5 (D.Colo.1983) (U.S. Attorneys and Department of Justice Attorneys not "investigative or law enforcement officers" within the meaning of 28 U.S.C. § 2680(h)).

 We agree with the district court that the magistrate's findings of fact were not clearly erroneous. Government liability under the FTCA is determined by the law of the place where the tort occurred; here, Missouri law applies. 28 U.S.C. § 1346(b); *see, e.g., Mandel v. United States,* 793 F.2d 964, 968 (8th Cir.1986). Under Missouri law, "[t]he essence of the wrong of false imprisonment is the confinement, without legal justification, by the wrongdoer of the person wronged." *Warrem v. Parrish,* 436 S.W.2d 670, 672 (Mo. 1969); *see also Rustici v. Weidemeyer,* 673 S.W.2d 762, 767 (Mo.1984) (banc); *Patrich v. Menorah Medical Center,* 636 S.W.2d 134, 138 (Mo.Ct.App.1982). "However, justification is a complete defense to the cause of action [of false imprisonment]...." *Rustici v. Weidemeyer,* 673 S.W.2d at 767. Missouri law thus recognizes the common law principle that a person believed to be mentally ill may be lawfully restrained if such restraint is necessary to prevent immediate injury to that person or others, or because he or she requires immediate medical attention. *Id.* at 767; *Patrich v. Menorah Medical Center,* 636 S.W.2d at 138–39. The record, including the testimony of two staff psychiatrists about appellant's condition and behavior at the time, clearly supported the magistrate's findings that the hospital staff was justified in placing appellant under restraint and detaining him until he could be examined by a staff psychiatrist and that no false imprisonment had occurred. The record also supported the district court's finding that no battery had occurred.

Accordingly, we affirm the order of the district court on the basis of the district court's memorandum opinion. 8th Cir.R. 14.