**Gilberto VIERA–CARRASQUILLO, et. al, Plaintiff(s).**

v.

**UNITED STATES of America, Defendant(s).**

**Civil No. 05–1107.**

United States District Court, D. Puerto Rico.

Nov. 21, 2006.

Rafael A. Oliveras–López, Rafael A. Oliveras–López de Victoria Law, Office, Caguas, PR, for Gilberto Viera–Carrasquillo and Nilda Rivera.

Isabel Muñoz–Acosta, U.S. Attorney's Office, San Juan, PR, for USA, Dept. of Veteran Affairs.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On January 28, 2005, Plaintiffs Gilberto Viera–Carrasquillo ("Viera–Carrasquillo"), his wife Nilda Rivera ("Rivera") and the conjugal partnership constituted between them (jointly, "Plaintiffs") filed a complaint pursuant to the Federal Tort Claims Act ("FTCA").[1] (Docket No. 1). Specifically,

---

1. Pursuant to 28 U.S.C. 2675(a) Viera–Carrasquillo filed an administrative claim before the Department of Veterans Affairs on March 11, 2004 and said claim was denied on August 6, 2004.

Viera–Carrasquillo alleges violations to his civil rights, the infliction of physical pain and mental anguish. (Docket No. 1 at 5). Allegedly, Rivera suffered mental and moral damages, and the conjugal partnership claims economic losses incurred in the prosecution of this claim. On May 5, 2006, Defendant United States of America ("Defendant") filed a motion for summary judgment pursuant to Fed.R.Civ.P 56(c). (Docket No. 16 and 17). Plaintiffs filed an opposition to the motion for summary judgment (Docket No. 23). For the reasons discussed below, the Court **DENIES** Defendant's motion for summary judgment.

## FACTUAL BACKGROUND

On May 14, 2002, on his way to a medical appointment, Viera–Carrasquillo drove his car to the parking lot located on the premises of the Department of Veteran Affairs Medical Center in Rio Piedras, Puerto Rico. Because the parking lot was full, he proceeded to an adjacent parking lot and waited for a car to move forward in order to park his car. Moments later, Veterans Administration Police Officer Jose Ortiz approached Viera–Carrasquillo, ordered him to step out of his vehicle, and put him in handcuffs. Viera–Carrasquillo was transferred to the Department of Veterans Affairs ("VA") Police Operations Room and placed in an empty jail cell for approximately two and a half hours. No explanation as to his arrest was given. Plaintiff was released without any charges filed against him and only received two Violation Notices.

## DISCUSSION

A. *Standard for Motion for Summary Judgment*

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in its pertinent part, that the Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, the party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo International, Inc.,* 229 F.3d 49, 52 (1st Cir.2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252. It is therefore necessary that "a party opposing summary

judgment must 'present definite, competent evidence to rebut the motion.'" *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994) (quoting *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992)).

■ In making this assessment, the Court "must view the entire record in the light most hospitable to the party opposing summary judgement, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### B. Controversies as to Material Issues of Fact

■ The Court finds that there are controversies as to material issues of fact in this case. First, Plaintiffs allege that the arrest took place in a lot underneath the rails of the Urban Train System belonging to the Commonwealth of Puerto Rico and that therefore, the VA Police Officers acted without jurisdiction. (Docket No. 23 at 8, and Docket No. 25–2 at 4). Defendant alleges that the arrest took place on the parking garage annex belonging to the Department of Veterans Administration. (Docket No. 17 at 7 and Docket No. 18–1 at 1). The importance of this fact is that under 38 U.S.C. § 902(1)(b)(3), the Veterans Administration Police Officers only have authority to arrest "on De-

partment property." [2] Hence, the fact as to whether VA Police Officers were acting on VA property or not would determine if they were acting within their authority under law. An answer in the negative to this issue would preclude a cause of action against the United States under the FTCA. On the other hand, an answer in the affirmative would make the United States the proper defendant in this case.

■ The second controversy as to a material fact is the alleged assault and battery resulting from the alleged excessive use of force. "A claim that the police used excessive force in making an arrest must be analyzed in light of the Fourth Amendment's prohibition of unreasonable searches and seizures." *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 205 (1st Cir.1990) (*citing Graham v. Connor*, 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The test in cases where the alleged use of force is in the course of an arrest is the "objectively reasonable" standard. *See Graham*, 490 U.S. at 395, 109 S.Ct. 1865.

Plaintiffs' Complaint and Opposition to the Motion for Summary Judgment contains sufficient alleged facts to support a valid cause of action for false arrest, assault and battery. It is alleged in Plaintiffs' Statement of Contested Facts that Viera–Carrasquillo suffers from back pain and uses a cane to assist him in walking and that the handcuffs caused him great pain due to his condition. It is also alleged that he was "dragged and pushed" up the hill to the hospital and was "manhandled."

**2.** Congress waived sovereign immunity for claims "arising ... out of assault, battery, false imprisonment, false arrest" for acts or omissions of law enforcement officers, 28 U.S.C. § 2680(h). Under the FTCA, a law enforcement officer is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal

Law." 28 U.S.C. § 2680(h). A Veterans Administration Police Officer "may make arrests on Department property for a violation of Federal law or any rule prescribed under section 901(a) of this title." 38 U.S.C. § 902(a)(3). As such, they are law enforcement officers within the meaning of 28 U.S.C. § 2680(h). *See Celestine v. U.S.*, 841 F.2d 851, 852 (1988).

(Docket No. 25–2 at 5). Defendant's Motion for Summary Judgment addresses the alleged false arrest claim, but fails to address the alleged excessive use of force in the context of carrying out an arrest. The Court finds that there is a genuine issue as to a material fact relating to Plaintiffs' claim of alleged use of excessive force. Since the moving party did not provide any evidence opposing the alleged civil rights violations, it has not met its burden under the summary judgment standard.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment.

IT IS SO ORDERED.