# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 14-3819

———————————————

Mauricio Rueben

*Plaintiff - Appellant*

v.

T. C. Outlaw, Warden, FCI - Forrest City; DW Heuett, Assistant Warden, FCI - Forrest City; William Resto, Clinical Director, FCI - Forrest City; Mary E. Graham, Health Services Administrator, FCI - Forrest City; Jeffrey Hammer, Physician Assistant, FCI - Forrest City; Misty Rios, Registered Nurse, FCI - Forrest City; Rhonda Langley, Registered Nurse, FCI - Forrest City; RM Miller, Registered Nurse, FCI - Forrest City; Michelle Wingo, Physician Assistant, FCI - Forrest City; United States of America

*Defendants - Appellees*

———————————

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

———————————

Submitted: September 10, 2015
Filed: September 17, 2015
[Unpublished]

———————————

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

———————————

PER CURIAM.

Federal inmate Mauricio Rueben appeals the district court's[1] adverse grant of summary judgment in his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). Having conducted *de novo* review, *see Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014), we conclude that summary judgment was warranted for the reasons explained by the district court. Specifically, as to the *Bivens* claims, some defendants were entitled to absolute immunity as Public Health Service officers, *see Hui v. Castaneda*, 559 U.S. 799, 811-12 (2010); other claims were barred by sovereign immunity, or were improperly based on supervisory rather than individual liability, *see Buford v. Runyon*, 160 F.3d 1199, 1203 & n.7 (8th Cir. 1998); and yet other claims failed for lack of evidence that Rueben's serious medical needs were deliberately disregarded, or because defendants were entitled to qualified immunity based on the evidence, *see Estelle v. Gamble*, 429 U.S. 97, 104-07 (1976); *Sherrer v. Stephens*, 50 F.3d 496, 496-97 (8th Cir. 1994) (per curiam).

As to the FTCA claim, the district court did not abuse its discretion in denying the request for appointment of a medical expert, *see U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1059 (8th Cir. 1984); and Rueben did not otherwise provide expert testimony on medical malpractice, *see* Ark. Code Ann. § 16-114-206;[2] *Goodman v. United States*, 2 F.3d 291, 292-93 (8th Cir. 1993) (affirming dismissal of FTCA action due to lack of expert testimony on medical malpractice as required under state law). Accordingly, we affirm. *See* 8th Cir. R. 47B.

————————————————

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas, adopting the reports and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

[2]Language requiring that expert testimony be provided "only by a medical care provider of the same specialty as the defendant" was held unconstitutional in *Broussard v. St. Edward Mercy Health System, Inc.,* 386 S.W.3d 385, 390 (Ark. 2012).