NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 16-2604

——————

BLANCHE A. BROWN


v.


JENNA MERCADANTE, PSYD; IRA KEDSON, PSYD;
BERNADETTE HAYBURN, PSYD; KRISTIN SUDOL, PSYD;
EDWARD MOON, PH.D.; STEPHEN CAVICCHIA, PH.D.

(E.D. Pa. No. 2-15-cv-01593)

BLANCHE A. BROWN


v.


UNITED STATES OF AMERICA (COATESVILLE VA MEDICAL CENTER)

(E.D. Pa. No. 2-15-cv-05178)

BLANCHE A. BROWN,
Appellant

—————————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos.2-15-cv-01593 and 2-15-cv-05178)
District Judge:  Honorable Petrese B. Tucker

—————————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2017

Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed:  April 24, 2017)

_____

OPINION[*]

_____

PER CURIAM

Blanche Brown appeals pro se from the District Court's April 6, 2016 dismissal of her two consolidated civil actions.  For the reasons that follow, we will affirm that dismissal in part, vacate it in part, and remand for further proceedings.

## I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly.  In April 2015, Brown filed a pro se complaint in the District Court against six health care providers who worked at Coatesville Veterans Affairs Medical Center ("CVAMC") in Pennsylvania.  We will refer to these defendants as the "Individual Defendants."  A few months later, Brown filed a second pro se complaint in the District Court, this time against the United States ("the Government").[1]  The two complaints, which were docketed in separate actions, both concerned treatment that Brown received at CVAMC beginning in 2011.  The complaint against the Government also concerned a 2013 disorderly conduct citation that was issued

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] Brown filed an amended version of her second complaint in October 2015; that version controls here.

2

to her by a Department of Veterans Affairs ("VA") police officer pursuant to 38 C.F.R. § 1.218.[2]

The District Court consolidated the two cases and the defendants filed motions to dismiss the claims against them.[3] On April 6, 2016, the District Court granted those motions and closed the case. In doing so, the District Court explained that Brown could not proceed with her claims against the Individual Defendants because, under 38 U.S.C. § 7316, a claim brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, 2680, was the exclusive remedy for the allegations concerning her treatment at CVAMC.[4] The District Court then determined that Brown's treatment-related FTCA claim was barred by the statute of limitations. As

---

[2] Section 1.218 concerns security and law enforcement at VA facilities. Subsection (b) sets forth a list of offenses and penalties, with disorderly conduct listed in (b)(11).

[3] On appeal, Brown challenges the District Court's consolidation of her two cases. The Appellees argue that she has waived this challenge by failing to raise it in the District Court, but that argument lacks merit because the record shows that she *did* raise this issue there. (See Dist. Ct. docket # 16 in Case No. 2:15-cv-01593 (opposing the defendants' motion to consolidate).) That said, Brown's challenge otherwise fails, for she has not established that the District Court erred in consolidating the two cases. See Fed. R. Civ. P. 42(a) (providing that a court may consolidate actions that "involve a common question of law or fact"); see also Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 100 (3d Cir. 2015) (reviewing a district court's ruling on a motion to consolidate for abuse of discretion).

[4] Section 7316, which has been referred to as the "VA Immunity Statute," see, e.g., Ingram v. Faruque, 728 F.3d 1239, 1240 (10th Cir. 2013), provides that an FTCA action alleging personal injury "arising from malpractice or negligence of a health care employee of the [VA] in furnishing health care or treatment while in the exercise of that employee's duties . . . *shall be exclusive of any other civil action or proceeding by reason of the same subject matter against [that employee].*" 38 U.S.C. § 7316(a)(1) (emphasis added). Although a plaintiff generally cannot seek relief under the FTCA for harm caused by *intentional* torts, see 28 U.S.C. § 2680(h), that bar does not apply in this context pursuant to 38 U.S.C. § 7316(f). Accordingly, Brown was permitted to raise both negligence claims and intentional tort claims in her lawsuit against the Government.

3

for the FTCA claims stemming from the disorderly conduct citation, the District Court concluded that those claims failed on the merits. Brown moved the District Court to reconsider its dismissal, but that motion was denied.

Brown now brings this appeal, challenging the District Court's dismissal order.[5]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review de novo the District Court's dismissal of Brown's claims. See Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 853 (3d Cir. 2014). We may affirm aspects of the District Court's decision on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We begin our review with Brown's claims against the Individual Defendants. As previously mentioned, the District Court concluded that these claims were barred by 38 U.S.C. § 7316, and that Brown's exclusive remedy was a claim against the Government under the FTCA. For substantially the reasons provided by the District Court, we agree with that conclusion.[6] Accordingly, we will affirm the District Court's dismissal of the claims against the Individual Defendants.

---

[5] To the extent that Brown's amended notice of appeal sought to include a challenge to the District Court's order denying reconsideration, she has waived such a challenge by failing to develop it in her opening brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [her] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal).

[6] For § 7316 to apply, the health care treatment in question must be provided "while in

4

We now turn to the claims against the Government, and we begin with Brown's allegations regarding the disorderly conduct citation. For substantially the reasons provided by the District Court, we agree with the District Court's dismissal of Brown's claim that the issuance of the disorderly conduct citation amounted to an abuse of process. We also see no reason to disturb the District Court's dismissal of Brown's claim that she was maliciously prosecuted for the alleged disorderly conduct offense.[7] Under

the exercise of [the health care] employee's duties in or for the [VA]." 38 U.S.C. § 7316(a)(1). When the Individual Defendants filed their motion to dismiss, they attached a certification from the Government averring that they had provided the treatment in question while acting within the scope of their duties. Such a certification is "*prima facie* evidence that the employee[s'] challenged conduct was within the scope of employment," Schrob v. Catterson, 967 F.2d 929, 935 (3d Cir. 1992), and a plaintiff seeking to challenge that certification "has the burden of coming forward with specific facts rebutting it," id. at 936. In this case, Brown challenged the Government's certification, arguing that the Individual Defendants had acted outside the scope of their duties. Although the District Court declined to rule on that challenge — that court apparently believed that it did not need to do so, (see Dist. Ct. Mem. entered Apr. 6, 2016, at 13) — we need not remand on this issue because it is apparent from our review of the record that Brown failed to allege sufficient facts to rebut the Government's certification.

[7] In arguing that this Court should affirm the District Court's dismissal of Brown's malicious prosecution claim, the Appellees do not rely on the District Court's analysis of the merits of this claim. Instead, they argue that this claim is barred by the doctrine of sovereign immunity. We disagree. To be sure, the FTCA's waiver of sovereign immunity generally does not extend to claims involving intentional torts. See 28 U.S.C. § 2680(h). But there is an exception in § 2680(h), which the Appellees do not mention, that allows claims against the Government for malicious prosecution and certain other intentional torts when they stem from "acts or omissions of investigative or law enforcement officers of the United States Government." Id. An "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id. Brown's malicious prosecution claim stems from the acts or omissions of a VA police officer, who is empowered by statute to "make arrests on Department property for a violation of a Federal law." 38 U.S.C. § 902(a)(2). Because that VA police officer qualifies as an "investigative or law enforcement officer," see Celestine v. United States, 841 F.2d 851, 852-53 (8th Cir. 1988) (per curiam), Brown's malicious prosecution claim

5

Pennsylvania law,[8] "[a] cause of action for malicious prosecution has three elements. The defendant must have instituted proceedings against the plaintiff 1) without probable cause, 2) with malice, and 3) the proceedings must have terminated in favor of the plaintiff." Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988). We need not examine the first two factors of this test because Brown cannot satisfy the third factor. Although it appears that the United States Magistrate Judge who presided over Brown's disorderly conduct case found her not guilty of that charge, the Magistrate Judge nevertheless (a) barred Brown from having any further contact with two CVAMC providers, and (b) ordered CVAMC personnel to escort her whenever she was at that facility. In light of these significant restrictions placed on Brown, we cannot conclude, for purposes of her malicious prosecution claim, that her criminal case was terminated in her favor. Cf. Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005) (holding that the resolution of a criminal case through a pretrial diversion program was not sufficiently favorable to support a malicious prosecution claim).

We next consider Brown's treatment-related allegations against the Government. The District Court appeared to construe these allegations as raising a single claim: the providers at CVAMC failed to diagnose/treat her PTSD. However, it appears that Brown's pro se amended complaint against the Government, which is far from a model of clarity, may have been trying to raise *multiple* treatment-related claims. Rather than

falls within the exception in § 2680(h) and thus is not barred by the doctrine of sovereign immunity.

[8] The merits of an FTCA claim is determined by applying the substantive law of the state where the alleged tortious act took place. See DeJesus v. U.S. Dep't of Veterans Affairs, 479 F.3d 271, 279 (3d Cir. 2007).

trying to decipher that pleading on appeal, we believe the better course is to vacate the District Court's dismissal of Brown's treatment-related allegations against the Government and remand so that she can amend those allegations to more clearly identify the specific claims that she is trying to raise. Once that amendment is filed, the District Court may determine whether any of the treatment-related claims raised therein are timely. We do not weigh in on the timeliness question at this time; nor do we opine on whether Brown's treatment-related allegations might be subject to dismissal for lack of exhaustion, see 28 U.S.C. § 2675(a) (requiring a plaintiff to administratively exhaust an FTCA claim); see also Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015) (explaining that the FTCA's exhaustion requirement "is jurisdictional and cannot be waived"), or for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

We have considered Brown's remaining arguments and conclude that none warrants further relief here. Accordingly, we will affirm the District Court's April 6, 2016 order in part, vacate it in part, and remand with instructions to allow Brown to amend her treatment-related allegations against the Government. Although Brown appears to allege that the presiding District Judge has been biased against her, we see no evidence of bias, and we see no need to have this matter reassigned to another district judge on remand.