# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1815
_____

Cynthia Rollo-Carlson, as Trustee for Jeremiah Flackus-Carlson, deceased

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 17, 2020
Filed: August 19, 2020

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.

Cynthia Rollo-Carlson brought a Federal Tort Claims Act (FTCA) claim against the government, alleging that the Department of Veterans Affairs (VA) provided negligent psychiatric care that resulted in her son's death. The district court[1] dismissed her complaint for lack of subject-matter jurisdiction. We affirm.

_____

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

## I.

In October 2015, Jeremiah Flackus-Carlson, a veteran of the United States Army, died from an opiate overdose. Jeremiah developed post-traumatic stress disorder after he was sexually assaulted while stationed in Korea. Prior to his death, he was treated by the St. Cloud VA Medical Center in Minnesota.

In September 2017, approximately two years after Jeremiah's death, his parents, Cynthia Rollo-Carlson and Doug Carlson, filed a wrongful-death claim with the VA (the VA Claim). They submitted a Standard Form 95 (SF-95), claiming Jeremiah died from medical malpractice and that they were the proper claimants for his wrongful death claim. They also identified the value of the claim as $10 million. After receiving the SF-95, the VA requested additional documentation, including medical and income records. The VA did not, however, request proof that either Rollo-Carlson or Carlson was an appointed trustee under the Minnesota wrongful-death statute.

While the claim was pending before the VA, Rollo-Carlson and Carlson filed a complaint in federal court, asserting a FTCA wrongful-death claim based on Jeremiah's death. Because of the pending federal complaint, the VA decided the VA Claim was not "amenable to administrative resolution" and issued a final denial on July 16, 2018. Rollo-Carlson and Carlson subsequently voluntarily dismissed their complaint in federal court.

Then, on October 2, 2018, Rollo-Carlson was appointed trustee under Minnesota's wrongful-death statute. The next day, as the sole plaintiff, she filed the underlying complaint in federal court, again alleging an FTCA claim against the government for the wrongful death of Jeremiah.

The government moved to dismiss the complaint for lack of subject-matter jurisdiction. It argued that the district court lacked jurisdiction because Rollo-Carlson

never presented the VA with her authority to act as a trustee, as required by FTCA, and that such presentment is a jurisdictional prerequisite. The district court agreed and dismissed Rollo-Carlson's complaint. Rollo-Carlson appeals. Having jurisdiction under 28 U.S.C. § 1291 and applying de novo review, we affirm. See ABF Freight Sys. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011) (standard of review).

## II.

The FTCA is a limited waiver of the United States' sovereign immunity. Molzof ex rel. Molzof v. United States, 502 U.S. 301, 305 (1992). It permits persons injured by federal employees to sue the United States for tort claims in federal district court. Id. The "extent of the United States' liability under the FTCA is generally determined by reference to state law." Id.; see also 28 U.S.C. §§ 1346(b)(1), 2674.

Before bringing an FTCA claim in federal court, a party must administratively exhaust their remedies under the FTCA. 28 U.S.C. § 2675(a). As part of this administrative process, the party "shall have first presented the claim to the appropriate Federal agency." Id. The presentment requirement is a jurisdictional prerequisite to filing an FTCA action in federal court. Mader v. United States, 654 F.3d 794, 808 (8th Cir. 2011) (en banc).

The FTCA does not specify what information must be included in a properly "presented" claim. Id. at 798. Instead, 28 C.F.R. § 14.2(a) provides the following clarification for the presentment requirement:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the

incident, and [3] *the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim* on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a) (emphasis added).

Both parties agree that in this case Minnesota law governs whether a person has authority to present a claim. See 28 U.S.C. §§ 1346(b)(1), 2674; see also Mader 654 F.3d at 808; Goodman v. United States, 2 F.3d 291, 292 (8th Cir. 1993) ("In this FTCA case, we are, of course, bound to apply the law of the state in which the acts complained of occurred."). The parties also agree that Minnesota's wrongful-death statute requires a court-appointed trustee to bring a wrongful-death action. Minn. Stat. § 573.02; see also Regie de l'assurance Auto. du Quebec v. Jensen, 399 N.W.2d 85, 89–90 (Minn. 1987).

Rollo-Carlson concedes she was not the appointed trustee under Minnesota law and was only Jeremiah's next-of-kin at the time she filed a claim with the VA. Nevertheless, she argues that she satisfied the presentment requirement.[2] First, she argues that under Minnesota law, there is a difference between a "claim" and an "action." And because the wrongful-death statute requires that a wrongful-death *action*—not *claim*—be filed by an appointed trustee, her status as next-of-kin at the time she filed the VA Claim satisfied Minnesota law. But we are unaware of any legal authority stating that Minnesota law contemplates a distinction between a "claim" and an "action" for purposes of wrongful death cases, and Rollo-Carlson provides none. Indeed, Minnesota courts use "claim" and "action" interchangeably when discussing

_____

[2]Rollo-Carlson also invites us to overrule Mader, an en banc decision, and hold that presentment is not jurisdictional. We cannot do so. United States v. Lucas, 521 F.3d 861, 867 (8th Cir. 2008) ("A panel of this court may not overrule the decision of the en banc court; only the en banc court may overrule prior circuit precedent.").

-4-

the wrongful-death statute. See e.g., Ortiz v. Gavenda, 590 N.W.2d 119 (Minn. 1999); Jensen, 399 N.W.2d at 89–90.

Second, Rollo-Carlson contends the VA had actual notice of her authority to bring a claim because it granted her a burial allowance; acknowledged her claim for insurance; responded to her requests for medical records; provided information regarding the circumstance surrounding Jeremiah's death; received a death certificate listing Jeremiah as single and never married; and replied to her request for Jeremiah's file. As a result, she argues, the VA knew she had the authority to act on behalf of Jeremiah. But Rollo-Carlson's status as next-of-kin is not synonymous with her status as appointed trustee under Minnesota law.[3] To the extent she argues that she is excused from her obligation to show she was the appointed trustee because the VA had evidence indicating she had authority to act on Jeremiah's behalf in another capacity and in other contexts, the presentment requirement contains no such exception, and Rollo-Carlson provides no legal support for one. See 28 C.F.R. § 14.2(a).

Third, she alleges that the government is precluded from arguing she failed to satisfy the presentment requirement because it did not raise the issue during the VA's review. We disagree. Preclusion does not apply where, as here, a party must administratively exhaust her claim before filing suit in court. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 110–11 (1991).

For the foregoing reasons, the district court properly dismissed Rollo-Carlson's complaint for lack of subject-matter jurisdiction. We affirm.

———————————————

———————————————

[3]The VA could not have had evidence of Rollo-Carlson's authority as appointed trustee when she filed the VA Claim because she undisputedly was not the appointed trustee until October 2018—approximately one year after she filed the VA Claim and three months after the VA denied it.