# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2697
_____

Cassondra Suzeth King; Susan Christine Mullen

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 16, 2021
Filed: June 30, 2021
_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.
_____

KELLY, Circuit Judge.

In this Federal Tort Claims Act (FTCA) case, Plaintiffs-Appellants Cassondra Suzeth King and Susan Christine Mullen appeal the dismissal of their complaint against the United States for lack of subject-matter jurisdiction. Having jurisdiction under 28 U.S.C. § 1291, we reverse.

# I. Background

On March 24, 2017, Rosemarie Ismail, a 69-year-old veteran of the U.S. armed forces, went to the John Cochran Division of the U.S. Department of Veterans Affairs (VA) St. Louis Health Care System (VA Hospital) for a liver biopsy. After the procedure, she experienced nausea, vomiting, and elevated blood pressure, and she was taken to the emergency room for evaluation. Testing failed to reveal the cause of her symptoms, and she was discharged from the VA Hospital. The next day, Ismail died at home from a hematoma (i.e., a mass of clotted blood) in her liver related to complications from the liver biopsy.

Several months later, on July 28, 2017, the Missouri Twenty-Second Judicial Circuit Probate Division appointed Susan Christine Mullen, Ismail's friend of more than 50 years, to be the personal representative of Ismail's estate. On October 20, 2018, within the applicable two-year statute of limitations, see 28 U.S.C. § 2401(b), Mullen filed an administrative wrongful death claim with the VA, alleging that the VA Hospital negligently caused Ismail's death by failing to properly perform the liver biopsy and by failing to detect the hematoma. She used a Standard Form 95 to submit the claim, identifying herself—the "personal representative of Rosemarie Ismail"—as the claimant and seeking $2.5 million in damages. See 28 C.F.R. § 14.2(a) (setting forth the procedures for presenting a claim under the FTCA). On June 26, 2019, the VA denied Mullen's administrative claim, finding "there was no negligent or wrongful act or omission, by any VA employee acting within the scope of his or her employment that caused [Ismail] compensable harm."

On December 20, 2019, Cassondra Suzeth King, Ismail's paternal first cousin once removed of the half blood and one of her living heirs,[1] filed the underlying

---

[1]Mullen, as personal representative of Ismail's estate, retained legal counsel to pursue the wrongful death claim against the VA and to hire a research firm to identify

complaint asserting an FTCA claim against the United States for the wrongful death of Ismail. She additionally moved for the appointment of Mullen as plaintiff ad litem to litigate the action on her behalf in accordance with Missouri law. See Mo. Rev. Stat. § 537.080.1(3) (1991). The government moved to dismiss the complaint for lack of subject-matter jurisdiction, arguing that King had not administratively exhausted her claim with the VA, as required by the FTCA. See 28 U.S.C. § 2675(a). The district court agreed, reasoning that Mullen did not administratively exhaust King's claim because she did not have the authority to present the claim to the agency as the personal representative of Ismail's estate. The court dismissed the complaint on June 23, 2020, and King and Mullen now appeal.

## II. Discussion

"The FTCA serves as a limited waiver of sovereign immunity, opening the door to state-law liability claims against the federal government for harm caused by government employees," Buckler v. United States, 919 F.3d 1038, 1044 (8th Cir. 2019), and permitting "persons injured by federal employees to sue the United States for tort claims in federal district court." Rollo-Carlson ex rel. Flackus-Carlson v. United States, 971 F.3d 768, 770 (8th Cir. 2020); see generally Brownback v. King, 141 S. Ct. 740, 745–46 (2021) (explaining how the FTCA "streamlined litigation for parties injured by federal employees acting within the scope of their employment"). "The 'extent of the United States' liability under the FTCA is generally determined by reference to state law.'" Rollo-Carlson, 971 F.3d at 770 (quoting Molzof ex rel. Molzof v. United States, 502 U.S. 301, 305 (1992)); see 28 U.S.C. §§ 1346(b)(1), 2674. Neither party disputes that the law of Missouri, the place where the VA's alleged negligence occurred, governs the underlying wrongful death claim. See Goodman v. United States, 2 F.3d 291, 292 (8th Cir. 1993) (noting that, in FTCA

Ismail's living heirs. After a year and a half, the research firm identified nine living heirs of Ismail, including King.

cases, courts are "bound to apply the law of the state in which the acts complained of occurred"). Nevertheless, "the adjudicatory capacity [of federal courts] over such claims" is circumscribed by federal law. See Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (en banc).

The text of the FTCA unambiguously commands that a plaintiff must administratively exhaust her remedies before filing suit in federal court. See McNeil v. United States, 508 U.S. 106, 111 (1993); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). This presentment requirement, along with agencies' broad settlement authority, see Mader, 654 F.3d at 797, encourages the prompt consideration and settlement of meritorious FTCA claims without "expensive and time-consuming litigation." McNeil, 508 U.S. at 112 n.7 (quoting S. Rep. No. 89-1327, at 3 (1966)). Furthermore, we have recognized that presentment "is a jurisdictional prerequisite to filing an FTCA action in federal court." Rollo-Carlson, 971 F.3d at 770; see also Mader, 654 F.3d at 802, 808 (affirming dismissal for lack of subject-matter jurisdiction where plaintiff failed to administratively exhaust her FTCA claim). We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, see Rollo-Carlson, 971 F.3d at 770, and "may look at materials 'outside the pleadings' [to] conduct[] our review," Buckler, 919 F.3d at 1044 (quoting Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)).

The district court held, and the United States argues on appeal, that King failed to properly present her FTCA claim because Mullen, who filed an administrative wrongful death claim with the VA as the personal representative of Ismail's estate, did not have the authority under Missouri law to act on King's behalf. Under Missouri's wrongful death statute, "[w]henever the death of [a decedent] results from any act, conduct, occurrence, transaction, or circumstance which, if death had not

-4-

ensued, would have entitled such [decedent] to recover damages in respect thereof," only persons specified by the statute may sue for damages "the person or party who, or the corporation which, would have been liable [to the decedent] if death had not ensued." Mo. Rev. Stat. § 537.080.1. "[T]he spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive" or "the brother or sister of the deceased, or their descendants," may bring a Missouri wrongful death action in their individual capacities. See id. § 537.080.1(1)–(2). If no such heirs exist, however, a plaintiff ad litem[2] must be appointed, upon the application of "some person entitled to share in the proceeds of such action" (i.e., another heir), to bring the wrongful death suit. Id. § 537.080.1(3); see also id. § 537.095.2 (noting that "the persons entitled to share in the proceeds thereof shall be determined according to the laws of descent"). The Missouri Supreme Court has clarified: Neither the decedent's estate nor its personal representative is authorized to bring or entitled to the proceeds of a wrongful death action. See Sullivan v. Carlisle, 851 S.W.2d 510, 513 (Mo. banc 1993). Rather, "[t]he right of action . . . is created and vests in the [decedent's] survivors at the moment of death," id. at 515, and therefore must be brought by those survivors in their individual capacities or through a plaintiff ad litem, as provided by statute, see Mo. Rev. Stat. § 537.080.1.

The parties agree that King, one of Ismail's heirs, must rely on an appointed plaintiff ad litem, here Mullen, to prosecute a wrongful death claim against the United States on her behalf. See Mo. Rev. Stat. § 537.080.1(3). They also agree that Mullen acted as the personal representative of Ismail's estate, not as King's plaintiff ad litem, when she filed an administrative claim with the VA. They disagree, however, as to whether Mullen, by doing so, "presented" a wrongful death claim in accordance with

---

[2]In contrast to the personal representative of an estate, see infra at 6, a plaintiff ad litem is "[a] court-appointed lawyer who represents a [party] during the course of a legal action." Attorney, Black's Law Dictionary (11th ed. 2019) (defining "attorney ad litem").

the FTCA sufficient to confer subject-matter jurisdiction onto the district court to adjudicate King's claim.  See 28 U.S.C. § 2675(a).

Regulations promulgated by the Department of Justice (DOJ) elucidate how to "present" an administrative FTCA claim, and they resolve the parties' dispute.

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and [3] the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).  The regulations also identify "who may file" an "[a]dministrative claim."  Id. § 14.3.  Critically, "[a] claim based on death may be presented *by the executor or administrator of the* [*decedent's*] *estate*, or by any other person legally entitled to assert such a claim in accordance with applicable State law."  Id. § 14.3(c) (emphasis added).  Under Missouri law, the term "personal representative" refers to executors and administrators of an estate.  State ex rel. McCubbin v. Ginn, 347 S.W.2d 119, 125 (Mo. banc 1961) (Storckman, J., concurring); see also Representative, Black's Law Dictionary (11th ed. 2019) (defining "personal representative" as "[s]omeone who manages the legal affairs of another because of incapacity or death, such as the executor of an estate" and explaining that "[t]echnically, an executor is a personal representative named in a will, while an administrator is a personal representative not named in a will").  Thus, the DOJ regulations specifically contemplate that Mullen, as the personal representative of Ismail's estate, may present an administrative wrongful death claim

even if she is not authorized to bring an FTCA action in that same capacity.[3]  See Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp., 764 F.3d 445, 450 (5th Cir. 2014) (per curiam) ("[Section 14.3(c)] contemplates that an estate's representative [is authorized] to file a notice of claim—regardless of whether, under state law, that executor or administrator has the legal right or capacity to represent the decedent's beneficiaries in a lawsuit.").

The government misreads the regulations to argue that Mullen failed to present King's wrongful death claim because she was not "legally entitled to assert such a claim in accordance with applicable State law."  Again, the relevant provision states: "A claim based on death may be presented by the executor or administrator of the [decedent's] estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law."  28 C.F.R. § 14.3(c).  Under the last-antecedent rule, "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."  Barnhart v. Thomas, 540 U.S. 20, 26 (2003).  Here, the phrase "legally entitled to assert such a claim in accordance with applicable State law" modifies only "other person," not "the executor or administrator of the [decedent's] estate."  Moreover, the grammatical structure of section 14.3(c)—divided into two separate clauses by a comma—bolsters the straightforward reading that a wrongful death claim may be presented by *either* the estate's executor or administrator *or* any other person legally entitled under State law to do so.  In summary, although persons other than an estate's administrator or

_____

[3]Because we conclude that King's FTCA claim was administratively exhausted when Mullen presented an administrative wrongful death claim to the VA, we need not opine on whether King could have individually presented her claim without the appointment of a plaintiff ad litem.  Compare 28 C.F.R. § 14.3(c) (permitting a wrongful death claim to be presented by a "person legally entitled to assert such a *claim* in accordance with applicable State law" (emphasis added)), with Mo. Rev. Stat. § 537.080.1(3) (requiring the appointment of a plaintiff ad litem to prosecute a wrongful death *action*).

executor must be legally entitled to assert a wrongful death claim under applicable State law to administratively exhaust that claim, this limitation does not apply to an estate's administrator or executor (i.e., personal representative). See Pleasant, 764 F.3d at 450 n.7. Regardless of whether Mullen may bring an FTCA action against the United States as the personal representative of Ismail's estate, the pertinent regulation clearly instructs that she may successfully present a wrongful death claim to the agency in that capacity.

Given our plain reading of the FTCA and the corresponding regulations, we conclude that Mullen had the requisite authority to present a wrongful death claim to the VA and consequently that King's FTCA claim was administratively exhausted. See id. at 451 ("[W]e conclude that an FTCA notice of claim need not be filed by a party with the legal authority or capacity under state law to represent the beneficiaries' interests in state court."). As a result, the district court had subject-matter jurisdiction over King's FTCA claim.

## III. Conclusion

For the foregoing reasons, we reverse the district court's order dismissing this case for lack of subject-matter jurisdiction and remand for further proceedings consistent with this opinion.

_____